IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**GLENN M.,**[1]

    Plaintiff,

v.

**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,**

    Defendant.

**Civ. No. 3:20-cv-00527-MC**

**OPINION AND ORDER**

**MCSHANE, Judge**:

    Plaintiff Glenn M. brings this action for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act. This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

    Plaintiff alleges that the Administrative Law Judge ("ALJ") erred by (1) failing to credit Plaintiff's subjective symptom testimony and (2) failing to credit the examining opinion of Dr. Raymond Nolan. Pl.'s Br. 5–10, ECF No. 19. Because there is substantial evidence in the record to support the ALJ's findings, the Commissioner's decision is AFFIRMED.

//

//

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case.

1 – OPINION AND ORDER

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff applied for SSI on November 18, 2016, alleging disability since October 1, 1998. Tr. 71. He later amended his alleged onset date to November 18, 2016. Tr. 15, 40. His claim was denied initially and upon reconsideration. Tr. 85, 104. Plaintiff timely requested a hearing before an ALJ and appeared before the Honorable Linda Thomasson on March 20, 2019. Tr. 34–69. ALJ Thomasson denied Plaintiff's claim by a written decision dated April 3, 2019. Tr. 15–28. Plaintiff sought review from the Appeals Council and was denied on February 6, 2020, rendering the ALJ's decision final. Tr. 1. Plaintiff now seeks judicial review of the ALJ's decision.

Plaintiff is 54 years old and was 50 years old at the time of his alleged disability onset. *See* tr. 70. Plaintiff has a high school diploma but has no relevant work experience. Tr. 41–42. Plaintiff alleges disability due to rheumatoid arthritis, spine disorder, bipolar disorder, and depression. Tr. 71, 17.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ahearn v. Saul*, 988 F.3d 1111, 1115, (9th Cir. 2021) (reaffirming the substantial evidence standard in social security cases). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial

evidence exists, the court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989) (citing *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986)). "'If the evidence can reasonably support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720–21 (9th Cir. 1996)).

## DISCUSSION

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2012). The burden of proof rests on the claimant for steps one through four, and on the Commissioner for step five. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner's burden is to demonstrate that the claimant can make an adjustment to other work existing in significant numbers in the national economy after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is considered disabled. *Id.*

### I. Plaintiff's Credibility

Plaintiff argues that the ALJ failed to identify clear and convincing reasons to reject Plaintiff's subjective symptom testimony. Pl.'s Br. 5–8.

An ALJ must consider a claimant's symptom testimony, including statements regarding pain and workplace limitations. *See* 20 CFR §§ 404.1529(a), 416.929(a). Where there is

objective medical evidence in the record of an underlying impairment that could reasonably be expected to produce the pain or symptoms alleged and there is no affirmative evidence of malingering, the ALJ must provide clear and convincing reasons for discrediting the claimant's testimony regarding the severity of his symptoms. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The ALJ is not "required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

The ALJ "may consider a range of factors in assessing credibility." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). These factors can include "ordinary techniques of credibility evaluation," *id.*, as well as:

> (1) whether the claimant engages in daily activities inconsistent with the alleged symptoms; (2) whether the claimant takes medication or undergoes other treatment for the symptoms; (3) whether the claimant fails to follow, without adequate explanation, a prescribed course of treatment; and (4) whether the alleged symptoms are consistent with the medical evidence.

*Lingenfelter,* 504 F.3d at 1040.

It is proper for the ALJ to consider the objective medical evidence in making a credibility determination. 20 C.F.R. §§ 404.1529(c)(2); 416.929(c)(2). However, an ALJ may not make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). The Ninth Circuit has upheld negative credibility findings, however, when the claimant's statements at the hearing "do not comport with objective evidence

in her medical record." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009).

      The ALJ found that Plaintiff's statements regarding the intensity, persistence and limiting effects of his conditions were not consistent with the medical and other evidence in the record. Tr. 22. Plaintiff argues that the only reason the ALJ gave to discount Plaintiff's subjective symptom testimony was that it was inconsistent with the objective medical evidence. Pl.'s Br. 6. This is not true. Specifically, the ALJ found that "[t]he medical record does not support the severity of the claimant's alleged physical limitations." Tr. 22. The ALJ also found that Plaintiff's alleged physical and mental limitations were undermined by Plaintiff's own reports of his activities of daily living. Tr. 22. Finally, the ALJ noted that Plaintiff's "prescription medicine helps control his mental symptoms, and he is feeling better now." Tr. 22.

      Plaintiff's testimony is not supported by the objective medical evidence. Plaintiff testified that his hips roll while he walks and so he does not walk straight. Tr. 50. However, repeated examinations found Plaintiff's gait normal. Tr. 488, 723. Plaintiff also testified that he has difficulty gripping items. Tr. 51. Again, repeated examinations show Plaintiff has normal motor strength and is able to make a fist, grasp objects, and manipulate them. Tr. 488, 489, 723. Images of Plaintiff's hands also show no soft tissue abnormality and no evidence of inflammatory arthropathy. Tr. 370.

      Plaintiff's testimony is also undermined by his activities of daily living. Plaintiff testified that he spends "at least a couple hours" a day performing household tasks. Tr. 56. Plaintiff maintains his house well, sweeping and mopping daily and vacuuming for thirty minutes three

times a week. Tr. 222, 484. Plaintiff goes grocery shopping weekly for two hours at a time. Tr. 222. This suggests that Plaintiff's physical symptoms are not as severe as alleged.

Plaintiff also alleges that he is "not able to go out and be around people." Tr. 223. Plaintiff testified that he has "fears of going places at times." Tr. 53. However, these fears do not appear to be debilitating. Plaintiff attends religious services at least once a week and grocery shops one to two times a week. Tr. 46–47, 222. Plaintiff regularly hosts a bible study at his house and invites his sister and her friends over to socialize. Tr. 222.

Finally, as the ALJ noted, Plaintiff has found medication to be effective at controlling his mental health symptoms. Tr. 22. Plaintiff reports that with medication, he still experiences some of these symptoms, "but not with the severity [he] felt in the past." Tr. 54.

The ALJ gave specific, clear and convincing reasons, supported by substantial evidence, to discount Plaintiff's testimony.

## II.  Dr. Raymond Nolan's Opinion

Plaintiff argues the ALJ failed to provide specific, legitimate reasons for discounting the opinion of Dr. Raymond Nolan. Pl.'s Br. 8–10. "To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* When evaluating conflicting medical opinions, an ALJ need not accept a brief, conclusory, or inadequately supported opinion. *Id.* Dr. Nolan's opinion

was contradicted by that of Dr. Susan Johnson and Dr. Chandra Basham. Tr. 25. Thus, the ALJ needed to provide specific and legitimate reasons for discrediting it.

Dr. Nolan examined Plaintiff on June 12, 2017. Tr. 488. During the exam, Plaintiff was "[a]ble to go from sitting to standing without difficulty." Tr. 488. Plaintiff's gait was normal; he could walk on his toes and heels and perform a squat. Tr. 488. Plaintiff was able to make a full fist and manipulate items without difficulty. Tr. 488. His grip strength was normal and symmetric. Tr. 489. Dr. Nolan found "nine out of 18 positive sites suspicious for fibromyalgia but not conclusive." Tr. 489.

Dr. Nolan opined that if "the diagnosis of fibromyalgia were accurate, he would require more sedentary type of job description and would want to limit repetitive activities to occasional basis." Tr. 489. He opined that Plaintiff "should restrict bending, twisting and turning of the neck and trunk to occasional basis." Tr. 489. He further opined "[b]ased on the lower extremity complaints and limitation of back range of motion, etc., I would limit standing and walking to one hour each in an eight hour day." Tr. 489. Finally, Dr. Nolan opined that "[p]ushing and pulling activity involving his right upper extremity should be limited to the low end of occasional." Tr. 489.

The ALJ gave little weight to Dr. Nolan's opinion. Tr. 23. The ALJ first noted that the limitations in Dr. Nolan's opinion were "not consistent with his own examination findings." Tr. 23. For example, while Dr. Nolan recommended limits on repetitive activities and pushing and pulling, Dr. Nolan found Plaintiff's motor strength normal, with no difficulty in grasping or manipulating objects. Tr. 488–89. And although Dr. Nolan recommended that Plaintiff be limited

to sedentary work, Dr. Nolan found Plaintiff's gait normal with no need for an ambulatory aid. Tr. 488.

Additionally, the ALJ gave little weight to Dr. Nolan's opinion because it was "based on the condition that there is an accurate diagnosis of fibromyalgia." Tr. 23. Dr. Nolan himself could not diagnose Plaintiff with fibromyalgia, as Plaintiff's exam only showed nine out of 18 tender points, where 11 are required for a diagnosis. Tr. 489; *see* SSR 12-2p, 2012 WL 3104869 (Fibromyalgia is medically determinable when "there is a history of widespread pain in all quadrants of the body," there are "at least 11 of 18 possible tender points," and "there is evidence that other disorders were excluded as possible causes of the pain."). No other medical provider has diagnosed Plaintiff with fibromyalgia;[2] Plaintiff's pain has consistently been attributed to his rheumatoid arthritis. Tr. 49, 285, 293, 328, 369, 380, 453, 474, 529, 729. Dr. Nolan opined that Plaintiff be limited to sedentary work if the diagnosis of fibromyalgia is accurate Tr. 489. Because Plaintiff has not been diagnosed with fibromyalgia, it is reasonable for the ALJ to discount that part of Dr. Nolan's opinion. *Cf. Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) ("[A]n ALJ need not accept a treating physician's opinion that is conclusory and brief and unsupported by clinical findings.").

Finally, the ALJ noted that the limitations in Dr. Nolan's opinion were inconsistent with Plaintiff's activities of daily living. Tr. 24. As discussed above, Plaintiff is able to perform household tasks, grocery shop, attend religious services, and socialize with family and friends. Tr. 222. Plaintiff vacuums for 30 minutes at a time, undermining Dr. Nolan's limits on pushing

---

[2] In November 2017, Plaintiff was seen by Dr. Sydney Rose, who assumed a previous diagnosis of fibromyalgia "which could explain his pain." Tr. 726. It is unclear where that diagnosis came from. Dr. Rose found eight out of 18 tender points during the examination. Tr. 726.

8 – OPINION AND ORDER

and pulling. Tr. 222, 489. Plaintiff also grocery shops for two hours at a time, contradicting Dr. Nolan's opinion that he be limited to no more than one hour of total walking in a workday. Tr. 222, 489.

In discounting Dr. Nolan's opinion, the ALJ gave specific and legitimate reasons, supported by substantial evidence.

## **CONCLUSION**

For these reasons, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 30th day of September, 2021.

s/ Michael J. McShane<br>
Michael J. McShane<br>
United States District Judge